**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-01466-CMA

SYLVIA M. GARZA,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES**

---

This matter is before the Court on Plaintiff's "Application for Attorney's Fees Under the Equal Access to Justice Act." (Doc. # 26.) For the reasons discussed below, the Court grants the motion.

## I. BACKGROUND

The facts and procedural history of this case are set out at length in the Administrative Record (Doc. # 9), as well as in the briefing on the merits both parties submitted (Doc. ## 15–17) before the hearing this Court held on April 17, 2012 (*see* Doc. # 20). At that hearing, the Court reversed the May 7, 2010 decision of the Administrative Law Judge ("ALJ") and remanded the matter to Defendant, the Commissioner of Social Security, for further proceedings. (*See* Doc. ## 20 and 22.) Pursuant to the Court's Order, the Clerk of the Court entered Judgment in Plaintiff's favor. (Doc. # 21.) Thereafter, Plaintiff filed the instant motion.[1] (Doc. # 26.) Plaintiff

---

[1] Defendant responded to Plaintiff's motion on July 30, 2012 (Doc. # 27), to which Plaintiff replied on August 13, 2012 (Doc. # 28).

requests $3,800 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (*Id.*)

## II. DISCUSSION

### A. WHETHER DEFENDANT'S POSITION WAS SUBSTANTIALLY JUSTIFIED

Under the EAJA, a party that prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). As ample caselaw indicates, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), she is a prevailing party for purposes of the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). Further, Defendant does not assert any special circumstances that would make an award of fees unjust.

The Commissioner bears the burden of demonstrating that his position was substantially justified – a test that, in this Circuit, "means his position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person." *Harrold v. Astrue*, 372 F. Appx. 903, 904 (10th Cir. 2010) (unpublished) (internal quotation marks and citations omitted). "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified." *Id.* Further, EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the

government advanced a reasonable litigation position." *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

In the instant case, the ALJ did not apply the correct law in determining whether the opinions of Plaintiff's treating physician, Dr. Alexander Feldman, were entitled to controlling weight, nor did the ALJ determine the amount of deference such opinions merited if they were entitled to less than controlling weight. (*See* Doc. # 22 at 11–20.) As such, the Court was unable to meaningfully decide whether the ALJ's decision was supported by substantial evidence. These fundamental legal errors were unreasonable and, thus, Defendant's position was not substantially justified.

Defendant's arguments to the contrary are unavailing. To begin with, Defendant asserts that the "the standard for determining whether the Government's position is substantially justified pursuant to the EAJA is not the same as the substantial evidence standard required by the Social Security Act." (Doc. # 27 at 2 (emphasis deleted).) The Court is quite familiar with this legal maxim, which Defendant correctly articulates. The problem for Defendant is that – as it points out in its response to the instant motion (*id.* at 2–3) – for the Government's position to be substantially justified, it must rely on an arguably defensible administrative record. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). Here, the administrative record, beset as it was by the fundamental legal errors the ALJ committed, was not arguably defensible. In fact, as already mentioned, such errors precluded the Court from being able to discern whether substantial evidence supported the ALJ's decision.

Further, the Court rejects Defendant's argument, which mischaracterizes an observation made by the Court, that the Court's decision rested on an issue that can be considered a "close question." (*See* Doc. # 27 at 4.) During the April 17, 2012 hearing, the Court correctly stated that "[i]n deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for 'controlling weight.'" (Doc. # 22 at 12 (quoting *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)).) The Court went on to quote *Watkins*, which explains:

> The analysis is sequential. An ALJ must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is 'no,' then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

350 F.3d at 1300 (internal quotation marks and citation omitted). As the Court noted, the ALJ in this case "considered the opinions of Dr. Feldman and gave them 'little weight,' but he did so without explaining whether Dr. Feldman's opinions were well supported by 'medically acceptable clinical and laboratory diagnostic techniques.' Instead, he simply stated that 'the extent of the limitations opined by Dr. Feldman are not supported by the medical records as a whole.'" (Doc. # 22 at 14–15.)

The ALJ's failure to consider whether Dr. Feldman's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" constituted an obvious error, as the ALJ departed from the standard sequential analysis. However, the Court observed that the ALJ came close to satisfying the requirement of "confirm[ing] that the opinion is consistent with other substantial evidence in the record," by stating

that "the extent of the limitations opined by Dr. Feldman are not supported by the medical records as a whole." (*Id.* at 15.)  But this observation, contrary to Defendant's characterization of it, pertained only to the second part of the sequential analysis, as is clear when read in context of the Court's discussion.  Moreover, the Court stated, and explained with reference to several examples, that "the ALJ offered no reason for how or why Dr. Feldman's opinions were inconsistent with other record evidence." (*Id.*)  The law related to evaluating a treating source's opinion is well established; failure to fully follow it or clearly misapplying it, as occurred in this case, simply does not represent a "close question" for the Court.

**B.    REASONABLENESS OF THE FEE REQUEST**

Having determined that Plaintiff is entitled to fees under the EAJA, the Court next considers the reasonableness of her request.  As previously indicated, Plaintiff seeks $3,800 in fees.  (Doc. # 26.)  This amount is calculated for 23.75 hours of work at the rate of $160 per hour.  (*Id.* at 8.)  The Government does not challenge Plaintiff's request as being unreasonable.  (*See* Doc. # 27.)  After reviewing Plaintiff's submission, the Court finds reasonable both the hours spent, and the rate at which they were billed, in prosecuting this appeal.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's "Application for Attorney's Fees Under the Equal Access to Justice Act" (Doc. # 26) is GRANTED.  As such, it is

FURTHER ORDERED that Defendant shall pay Plaintiff $3,800 in attorney's fees under the EAJA, deliverable to counsel.

DATED:  December   04  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

6